UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

Case No. 2:12-cr-20828-1

HONORABLE STEPHEN J. MURPHY, III

v.

NICOLAS DUBIN,

          Defendant.

                              /

**ORDER GRANTING IN PART AND DENYING
IN PART MOTION TO TERMINATE DUTY TO REGISTER [35]**

Defendant Nicolas Dubin was convicted of possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B).[1] ECF 24, PgID 89. He was sentenced to one day of imprisonment and a supervised release term of five years on April 29, 2013. *Id.* at 89–91. As a sex offender, Defendant was required to "comply with the requirements of the Sex Offender Registration and Notification Act (SORNA)." ECF 26, PgID 99. Ten years after he was sentenced, Defendant moved to terminate his duty to register. ECF 35. The parties briefed the motion. ECF 38; 40. For the following reasons, the Court will grant in part and deny in part the motion based on the briefs and without a hearing. *See* E.D. Mich. L. Crim. R. 12.1; E.D. Mich. L.R. 7.1(f)(2).

---

[1] The docket spells Defendant's name "Nicholas Dubin." But Defendant stated that "[his] first name is 'Nicolas', not 'Nicholas.'" ECF 40, PgID 208. And documents in the record reflect the correct spelling of his name. *See e.g.*, ECF 20, PgID 62; ECF 22, PgID 74; ECF 24, PgID 89. The Court will therefore order the Clerk of the Court to amend the case caption to reflect the proper spelling of Defendant's name.

1

"Congress passed [SORNA] for the purpose of creating a national system for the registration of sex offenders." *United States v. Felts*, 674 F.3d 599, 602 (6th Cir. 2012) (cleaned up). Under SORNA, a sex offender must register "in each jurisdiction where the offender resides." 34 U.S.C. § 20913. And each jurisdiction must "maintain a jurisdiction-wide sex offender registry conforming" to federal requirements. 34 U.S.C. § 20912. SORNA requires that "tier [one] sex offender[s]" maintain their registration for fifteen years. 34 U.S.C. § 20915(a)(1). But the registration period "shall be reduced by [five years] if an offender "maintains a clean record [for ten years]." 34 U.S.C. § 20915(b)(2)(A). The statute defines a clean record as follows: (1) "not being convicted of any offense for which imprisonment for more than [one] year may be imposed"; (2) "not being convicted of any sex offense"; (3) successfully completing any periods of supervised release, probation, and parole"; and (4) "successfully completing of an appropriate sex offender treatment program certified by a jurisdiction or by the Attorney General." 34 U.S.C. § 20915(b)(1)(A)–(D).

States may set more stringent sex-offender registration requirements than those required by federal law. *See Felts*, 674 F.3d at 603 ("The duty to register in a [S]tate registry is independent of a [S]tate's degree of implementation of SORNA.") (citation omitted). And many do. *See id.* at 604–05 ("A case may arise where a non-compliant [S]tate-law contains all of the requirements that SORNA requires, and more. If an offender . . . fulfills all of the requirements under the [S]tate law, then by

2

definition, the offender will fulfill all of the requirements under federal law.") (citation omitted).

Defendant claimed that he has maintained a clean record for the past ten years, and he moved to terminate his federal duty to register. ECF 35. He also moved to have his name "removed from the SORNA registry" and for an order "terminating any duty to have Defendant's passport include a 'unique identifier' as defined in 22 U.S.C. § 212b." *Id.* at 192. The Government responded that the Court should reduce Defendant's "federal registration obligation . . . from fifteen years to ten years" because Defendant has maintained a clean record for the last ten years. ECF 38, PgID 204. But the Government added that "[a]nything more is outside the scope of the statute." *Id.* For the following reasons the Court will grant Defendant's motion to terminate his federal duty to register but will deny the motion to have his name removed from the SORNA registry or to terminate his duty to have a passport with a unique identifier.

First, the Court will grant the motion to terminate Defendant's federal duty to register in Michigan. Defendant was convicted of a tier-one offense. ECF 38, PgID 202. Thus, SORNA required him to register for fifteen years unless he maintained a clean record for ten years. Since he was sentenced on April 29, 2013, Defendant has not been convicted of any offense for which imprisonment is one year or more, he has not been convicted of any sex offense, he has successfully completed his period of supervised release, and he has successfully completed appropriate sex offender treatment. ECF 40, PgID 208 ("[Defendant] has continued to maintain a clean record,

3

as defined by 34 U.S.C. § 20915(b)(1) through April 29, 2023."). Thus, Defendant has maintained a clean record, and he is entitled to have the duration of his duty to register reduced by five years. The Court will therefore terminate Defendant's *federal* duty to register as of the date of this order. The Court will note that its order only terminates Defendant's *federal* duty to register. Michigan law may still require Defendant to register, and the Court's order does not disturb Defendant's independent State duty, if any, to register.

Second, the Court will deny Defendant's request to have his name "removed from the SORNA registry." ECF 35, PgID 192. The parties agreed that "[t]here are, in fact, two federal [sex-offender] registries." ECF 40, PgID 209. And they agreed that "[u]ntil [Defendant's] duty to register as a sex offender in Michigan is terminated, his name will continue to appear on [the two registries]." *Id.* at 210. Because Defendant still has a duty to register as a sex offender in Michigan, *id.* at 209, the relief he requested is not available. And the parties recognized that "[Defendant's] name should be administratively removed from [the registries] as a matter of course without further judicial action" if his Michigan duty to register ever abates. *Id.* at 210. The Court will therefore deny the request to order Defendant's name removed from the two federal sex-offender registries until such relief is warranted and Defendant has exhausted his administrative remedies.

Last, the Court will deny the request for an order "terminating any duty to have Defendant's passport include a 'unique identifier' as defined in 22 U.S.C. § 212b." ECF 35, PgID 192. Under § 212b(1), "the Secretary of State shall not issue a

4

passport to a covered sex offender unless the passport contains a unique identifier." And § 212(b)(2) states that "the Secretary of State may only reissue a passport that does not include a unique identifier" if the offender "(1) reapplies for a passport and (2) the Angel Watch Center provides a written determination to the Secretary of State that the individual is no longer required to register as a covered sex offender." (alterations omitted). Defendant presented no evidence that he has reapplied for a passport or that the Angel Watch Center has provided the necessary documents to the Secretary of State. *See* ECF 35; 40. Thus, the Court will deny Defendant's third request.

**WHEREFORE**, it is hereby **ORDERED** that the motion to terminate Defendant Nicolas Dubin's federal duty to register as a sex offender [35] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Nicolas Dubin's federal duty to register as sex offender is **TERMINATED** as of the date of this order.

**IT IS FURTHER ORDERED** that the motion to have Defendant's name removed from the SORNA registry [35] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for an order terminating any duty to have Defendant's passport include a unique identifier [35] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **AMEND** the case caption so that Defendant's name is spelled "**Nicolas Dubin**."

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 4, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 4, 2023, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager
